[Civ. No. 1376.   First Appellate District.—November 9, 1914.]

## GUY FORD, Appellant, v. WEED LUMBER COMPANY, Respondent.

NONSUIT—GENERAL ORDER GRANTING—DISCUSSION OF COURT NOT CON-
SIDERED.—Where a trial court by its order grants a motion for a
nonsuit in general terms it may not be contended on appeal that
its order in granting the same is to be limited by the discussion
in which the court indulged in the course of granting the order;
and if it appears that the motion should have been granted upon
either or both of the grounds upon which the same was made, the
action of the trial court should be sustained on appeal.   ·

ACTION   FOR   DAMAGES—PERSONAL   INJURIES—CONTRIBUTORY   NEG-
LIGENCE—KNOWLEDGE OF DANGER—ASSUMPTION OF RISK—NON-
SUIT.—In an action for damages for personal injuries sustained by
the driver of a team while returning with a string of empty cars
over defendant's tramway leading from its lumber yard to the tracks
of a railway company, alleged to be due to the derailment of two
cars from the defective condition of the track, the court properly sus-
tained a motion for nonsuit upon the ground of plaintiff's own neg-
ligence, and also upon the ground that the condition of the track
was one of the risks that plaintiff assumed, where it appears that
plaintiff, from the time of the commencement of his employment to
the moment of the accident, was perfectly familiar with the unsafe
and insecure condition of the track and that the unsafe condition
frequently recurred at the particular point where the accident hap-
pened, but notwithstanding this knowledge, continued in his employ-
ment, as plaintiff thereby assumed the risk which arose from the
dangerous condition of the track.

ID.—REPAIR OF TRACK BY DEFENDANT—KNOWLEDGE OF PLAINTIFF—AS-
SUMPTION OF RISK—CONTRIBUTORY NEGLIGENCE.—In such a case
plaintiff was not relieved from his assumption of the risk of his
employment by the fact that he called attention to the particular
defect in the track a few days before his injury, which the defend-
ant undertook to repair, where plaintiff saw the repairs made and
knew precisely their extent, and that they were but temporary and
insufficient, and that the track at the particular point of the injury
would, within a few days at most, become out of order, notwith-
standing its present repair, and it further appearing that the place
on the track where the derailment occurred was clearly within plain-
tiff's line of vision while he was hauling the cars along and over
that portion of the track.   His act in driving over the place where
the accident occurred, without employing his faculties of vision, to
see whether or not the track was in proper condition was in itself
an act of negligence on his part contributing to his injury and suffi·
cient to prevent a recovery.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.  Geo. A. Sturtevant, Judge.

The facts are stated in the opinion of the court.

E. Lyders, and Bernard Silverstein, for Appellant.

Linforth & Herrington, for Respondent.

KERRIGAN, J.—This is an action for damages for personal injuries.  The plaintiff appeals from an order granting defendant's motion for a nonsuit.

The testimony introduced on behalf of the plaintiff showed that he was employed by the defendant to drive a team hauling cars over the defendant's tramway leading from its lumber yard to the tracks of the California Northwestern Railway Company.  In the course of his employment it was the duty of the plaintiff several times each day to haul along the said tramway of the defendant four or five flat-cars loaded with lumber, taking them to the track of the railroad company and returning to the yards of the defendant with a string of empty cars.  He had been in the employ of the defendant for about three months, and during all of said time had been daily doing said work.  On the day of the accident the plaintiff had taken a load to the tracks of the railway company and was returning with a string of empty cars when he reached a place along the tramway where a switch goes off into what is called in the record yard number 2.  At this point the first and second of the empty cars being hauled by the plaintiff left the track and the second car struck him, knocked him down and caused the injuries set forth in the complaint.  The evidence further discloses that the accident arose out of the fact that one of the rails at the point of contact with the switch, had slipped from its place, leaving a space of several inches and causing the car wheel to leave the track.  The tramway or track on which the accident occurred appears to have been a sort of wobbly and make-shift affair, the ties being laid practically on top of the ground without ballast and the rails being held to their place with spikes which frequently worked loose and caused the track to part in a way similar to that which brought about the accident in question.

These facts were known to the plaintiff, having been within his almost daily observation since his employment began; in fact within a few days before the date of the accident the cars had become derailed at the same point and for the same cause while the plaintiff was engaged in hauling them, and this had occurred at least four or five times to the plaintiff during the three months of his employment by the defendant. On the last of these occasions prior to the accident the plaintiff complained about the condition of the track to the official of the defendant who had control of the tramway, who promised to have the defect repaired immediately, and in fact did so. The repair was made by plugging up the holes in the ties where the old spikes had worked loose and driving in new spikes. The plaintiff saw and knew the nature and extent of these repairs and knew also that they were temporary in character and in the nature of things but a few days at most would pass before the same trouble with the track would be renewed at that point and the same danger of derailment arise.

The foregoing facts were shown during the presentation of the plaintiff's testimony, and when he rested his case the defendant moved for a nonsuit upon the ground that "it affirmatively appears from the testimony offered and without conflict that the plaintiff was hurt through his own negligence; that his own negligence contributed to his injury, and that if the condition of this track was what he says it was, it was one of the risks that he assumed, and he cannot recover in this action." This motion for nonsuit was granted, and from the order granting the same the plaintiff appeals.

The appellant urges as his first ground for reversal that the motion for nonsuit was granted by the court upon a different ground than those upon which it was made, and in support of this contention he quotes the language of the court made use of in the course of granting the motion. In view of the fact, however, that the court by its order granted the motion for nonsuit generally it may not be contended that its order in granting the same is to be limited by the discussion which the court indulged in in the course of granting the order, and if it appears that the motion for nonsuit should have been granted upon either or both of the grounds upon which the motion for nonsuit was made, then we think that the action of the court in granting the same should be sus-

tained. An examination of the evidence convinces us that the court was not in error in granting the nonsuit upon both of the grounds upon which it was made. Without further reviewing the evidence in the case than as above set forth, it seems quite plain to this court that the plaintiff, from the time of the commencement of his employment down to the moment of the accident, was at all times perfectly familiar with the unsafe and insecure condition of the track, and particularly with its frequently recurring state of unrepair and danger at the particular point where the accident in question occurred, and that under these circumstances it must be held that in continuing in his employment with this full knowledge of its dangers he assumed the risk which arose from the aforesaid condition.

It is, however, urged that the plaintiff is to be relieved from his assumption of this risk of his employment by the fact that he called attention to the particular defect in the track a few days before his injury, and that the defendant, having undertaken to repair that defect, plaintiff was warranted in assuming that it would be properly repaired. This might be true were it not for the fact that, according to the plaintiff's testimony, he saw the repairs made and knew precisely their extent, and that they were but temporary and insufficient, and that the track at the particular point of the injury would within a few days at most be again out of order, notwithstanding its present repair. Further than this, the place upon the track where the derailment occurred was clearly within the plaintiff's line of vision while he was hauling the cars along and over that portion of the track. This being so, we think that his act in driving over this particular spot at the time of the accident in question, without employing his faculties of vision to see whether or not the track was in proper condition, was in itself an act of negligence on his part contributing to his injury and sufficient to prevent a recovery in this case.

We think, therefore, that upon both grounds the motion for nonsuit was properly granted.

The order is affirmed.

Lennon, P. J., and Richards, J., concurred.

25 Cal. App.—45

A petition to have the cause heard in the supreme court after judgment in the district court of appeal, was denied by the supreme court, on January 7, 1915, and the following opinion then rendered thereon:

THE COURT.—The petition for a hearing in this court after decision in the district court of appeal of the first district is denied. In denying such hearing it is proper to say that we are not satisfied with the conclusion of the district court of appeal, that the plaintiff must be held, as matter of law, to have been guilty of negligence contributing to his injury, and we are not to be understood as approving the portion of the opinion so holding.